IN THE DISTRICT OF TEXAS OF THE UNITED STATE FEDERAL COURTHOUSE

UNITED STATES OF AMERICA
V
LADONA STEWART

USM Number: 27984-078
CASE NO. 9:18-CR-00024-002

MOTION TO CORRECT CLERICAL ERROR PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURES RULE 36

TO THE HONORABLE JUDGE :

COMES NOW Ladona Stewart, the defendant, pro se, seeking pursuant to Federal Criminal Procedure Rule 36 to correct clerical error in the judgement, order, and other part of the record, arising from oversight or omission. This rule applies, however, only to clerical errors and not substantive matters. Here, the Defendant was under the impression the Honorable Judge was sentencing her for all related drug cases arising herein. The written judgement conflicts with the Court's oral pronouncement of the sentence specifically, the written judgement fails to state that she will receive credits for the time she served in custody before and after the federal sentencing. Stewart respectfully moves this Honorable Court to award her the credits of the time spent in the county jail pursuant to her Federal indictment, sentencing, and designation to the Bureau of Prison. The defendant will show this Court as follows:
 1. The State of Texas, County of Angelina, initially charged defendant with possession of a controlled substance less than a gram.
 2. On May, 31st, 2017, the defendant Ladona Stewart was sentenced to 36 months probation on a guilty plea.
 3. On April 1st, 2018, the defendant caught a new charge conspiracy to possess and distribute 5 grams or more of methamphetamine. Defendant was arrested and placed in county jail that day.
 4. On July 18, 2018, the Federal picked up the case and defendant was indicted while she was still in county jail.
 5. On August 7th 2018, Defendant went on Federal writ, and was officially charged, and a guilty plea was negotiated.
 6. On or about same time frame that defendant Ladona Stewart entered the guilty plea, this Court imposed a 120 months (10) year sentence . see exhibit "A". Judgement dated April 30th, 2019.
 7. The Honorable Judge of this Court on the Judgement and Order sheet states " its the Court intent that the defendant receive credit for time in custody since her arrest on this instant offense which is not being credited to any other sentence".
 8. The defendant after the sentencing on that date, was returned back to the county jail on May 10, 2019. Where she stayed for total of 22 months.
 9. Defendant obtained a copy of the judgement and contacted the Bureau of Prison Computation Center, but was not credited the time spent in the county Angelina.
 10. The Defendant is seeking an amendment to the written judgement to Conform the sentence to the Court's intentions pronounced orally on April 30th, 2019. Defendant also ask this Honorable Court to credit her time spent in the County jail while indicted and sentenced as part of her Federal time served. Defendant was at the county of Angelina until December 27, 2019 when she got to Bureau of Prison.
 WHEREFORE based on the above, Ladona Stewart, urges this Court to credit her time per Oral pronouncement at sentencing hearing on April 30, 2019 to run concurrently with the above listed case.

I HEREBY CERTIFY that a true and correct copy of this foregoing motion to credit time served outside the Bureau of Prison has been mailed postage prepaid on this _16_ day of January 2023 to the following:

JACK BROOKS FEDERAL BUILDING  UNITED STATES COURTHOUSE

PRO SE REPRESENTATION
LADONA STEWART
REG# 27984078
P.O. BOX 487
SATELLITE PRISON CAMP
ALICEVILLE, AL 35442

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing instrument has been mailed certified to the Court Clerk Office of the Eastern District of Texas Jack Brooks Federal Building on this day 16 January, 2023.

*LaDona Stewart* (signature)
LADONA STEWART
27984-078
SATELLITE PRISON CAMP
P.O. BOX 487
ALICEVILLE, ALABAMA 35442

| | |
|---|---|
| 04-01-2018: | Arrested by Angelina Co. officials for VOP and new local charges related to instant offense & detained. VOP case #2011-0341 & #2017-0279; no case was pursued for the new charges (PSR 14/37/40/50, SID/-2). |
| 05-21-2018: | While detained, warrant served on new local charges; no case was pursued (PSR 51, SID/-2). |
| 08-07-2018: | TOT USMS Fed writ. |
| 04-30-2019: | Fed sentence imposed – 120 mos. w/ 4 yrs. SRT. |
| 05-10-2019: | Returned to state from writ. |
| 06-18-2019: | State probation revoked, Angelina Co. case #2011-0341 & #2017-0279: total 22 mos. w/ all credit awarded, to include time in custody on these cases prior to Fed DOO (ST DOC, SIN). |
| 12-27-2019: | State expiration of sentences & TOT USMS exclusive Fed custody (DCB). |

**\*Documents Used:** J&C, PSR, SOR, 129, ST DOC, SID

**\*Federal Jail Credit:**
   NONE

Good afternoon,

This in response to inmate's correspondence received at DSCC; attached below. Inmate's federal judgment states defendant should receive credit for time in custody since her arrest which was not being credited to any other sentence. The time frame inmate referenced was awarded as jail credit to her state sentence; see state judgment attached. Therefor, inmate is not entitled to any additional credit and comp is certified correctly. Please let us know if we can be of further assistance.

\*This email was sent to R/D @ FCI Tallahassee after I wrote Grand Prairie about my credits.

EXHIBIT A

## UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS LUFKIN DIVISION

| UNITED STATES OF AMERICA | § | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: **9:18-CR-00024-002** |
| **LADONA JO STEWART** | § | USM Number: **27984-078** |
| | § | <u>Thomas William Kelley</u> |
| | § | Defendant's Attorney |

### THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | 1 of the Indictment |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21:846 Conspiracy To Distribute and Possess With Intent To Distribute 5 Grams or More of Methamphetamine (actual) | 04/30/2018 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☒   Count(s) Remaining in Indictment ☐ is   ☒ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>April 30, 2019</u>
Date of Imposition of Judgment

*[Signature]*
Signature of Judge

**RON CLARK**
<u>**United States Senior District Judge**</u>
Name and Title of Judge

5/10/19
Date

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case

Judgment -- Page 2 of 8

DEFENDANT: LADONA JO STEWART
CASE NUMBER: 9:18-CR-00024-RC-ZJH(2)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

120 months as to count 1. It is the Court's intent that the defendant receive credit for time in custody since her arrest on this instant offense which is not being credited to any other sentence.

☒ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be placed in a federal facility in Bryan, Texas, to facilitate family visitation, if eligible.

The Court recommends that the defendant be allowed to participate in the 500 hour (RDAP) substance abuse treatment program, if eligible.

The Court recommends to the Bureau of Prisons that the defendant receive appropriate drug treatment while imprisoned.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case

Judgment -- Page 3 of 8

DEFENDANT: LADONA JO STEWART
CASE NUMBER: 9:18-CR-00024-RC-ZJH(2)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **four (4) years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

Case 9:23-cv-00060-MAC-ZJH   Document 2   Filed 03/22/23   Page 8 of 13 PageID #: 11
Case 9:18-cr-00024-RC-ZJH   Document 97   Filed 05/10/19   Page 4 of 8 PageID #: 358

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case

Judgment -- Page 4 of 8

DEFENDANT: LADONA JO STEWART
CASE NUMBER: 9:18-CR-00024-RC-ZJH(2)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.txnp.uscourts.gov.

Defendant's Signature _____   Date _____

Case 9:23-cv-00060-MAC-ZJH   Document 2   Filed 03/22/23   Page 9 of 13 PageID #: 12
Case 9:18-cr-00024-RC-ZJH   Document 97   Filed 05/10/19   Page 5 of 8 PageID #: 359

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case                                    Judgment -- Page 5 of 8

DEFENDANT: LADONA JO STEWART
CASE NUMBER: 9:18-CR-00024-RC-ZJH(2)

## SPECIAL CONDITIONS OF SUPERVISION

You must provide the probation officer with access to any requested financial information for purposes of monitoring your efforts to obtain and maintain lawful employment.

You must participate in a program of testing and treatment for drug and alcohol abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

You must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case                                                          Judgment -- Page 6 of 8

DEFENDANT:          LADONA JO STEWART
CASE NUMBER:        9:18-CR-00024-RC-ZJH(2)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | JVTA Assessment* | Fine  | Restitution |
|--------|------------|------------------|-------|-------------|
| TOTALS | $100.00    |                  | $.00  | $.00        |

☐ The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 9:23-cv-00060-MAC-ZJH Document 2 Filed 03/22/23 Page 11 of 13 PageID #: 14
Case 9:18-cr-00024-RC-ZJH Document 72 Filed 05/10/19 Page 7 of 8 PageID #: 501

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case

Judgment -- Page 7 of 8

DEFENDANT: LADONA JO STEWART
CASE NUMBER: 9:18-CR-00024-RC-ZJH(2)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payments of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or

    ☒ in accordance ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:
**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: the Clerk, U.S. District Court. Fine & Restitution, 211 West Ferguson Street Rm 106, Tyler, TX 75701.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    ☐ Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    ☐ Defendant shall receive credit on her restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT: LADONA JO STEWART
CASE NUMBER: 9:18-CR-00024-RC-ZJH(2)

# DENIAL OF FEDERAL BENEFITS
*(For Offenses Committed On or After November 18, 1988)*

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862**

  IT IS ORDERED that the defendant shall be:

☐ ineligible for all federal benefits for a period of
☐ ineligible for the following federal benefits for a period of
*(specify benefit(s))*

OR

☐ Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

**FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)**

  IT IS ORDERED that the defendant shall:
☒ be ineligible for all federal benefits for a period of 5 years.
☐ be ineligible for the following federal benefits for a period of
*(specify benefit(s))*

☐ successfully complete a drug testing and treatment program.
☐ perform community service, as specified in the probation and supervised release portion of this judgment.

  IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

  Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:

  U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531



⇔27984-078⇔
Ladona Stewart
PO BOX 487
Satellite Prison Camp
Aliceville, AL 35442
United States

⇔27984-078⇔
Jack Brooks Federal Bldg
United States Courthouse
300 Willow ST
Ste 104
Beaumont, TX 77701
United States

7021 1970 0001 3617 2328

CERTIFIED MAIL

CLERK, U.S. DISTRICT COURT
RECEIVED

JAN 26 2023

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS